**DETROIT TERRAZZO CONTRACTORS ASSOCIATION; Humbert A. Mularoni, Plaintiffs–Appellees,**

v.

**BOARD OF TRUSTEES OF THE B.A.C. LOCAL 32 INSURANCE FUND; Ronald B. Capp; John Mason; Michael Mauri; Robert Michielutti, Sr.; Timothy Ochalek; George Stripp; Terry Van Allen; Robert Wilson, Defendants–Appellants.**

No. 01–2687.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2003.

Before BATCHELDER and CLAY, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge.

This action, brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1132 (ERISA), arises out of a controversy over an amendment of the B.A.C. Local No. 32 Insurance Fund and Declaration of Trust (the Trust Agreement). Plaintiffs are the Detroit Terrazzo Contractors Association (DTCA), an employer association and one of the sponsors of the Trust Agreement, and Humbert Mularoni, an owner-employee of Boston Tile, which was a member of DTCA. Defendants are the members of the Board of Trustees under the Trust Agreement. They represent three employer associations and Tile. Marble and Terrazzo B.A.C. Local No. 32. The gravamen of plaintiffs' complaint is that the Trustees wrongfully amended the Trust Agreement eliminating DTCA as a sponsoring association and replacing it with the Greater Detroit Terrazzo Contractors Association (GDTCA). The district court denied defendants' motion to dismiss and granted summary judgment

for plaintiffs. Defendants have appealed. The district court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). We have jurisdiction of the appeal under 28 U.S.C. § 1291, and our review of the summary judgment is *de novo*. *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 709–10 (6th Cir.2000). For the reasons discussed below, we reverse and remand with directions to dismiss the action.

## FACTUAL BACKGROUND

This appeal follows proceedings in the district court that were complex and confusing. Because we write only for the parties, and the issues on this appeal are narrow and well-defined, we need not rehearse those proceedings at length. Suffice it to say that the Trustees determined to replace DTCA as a sponsoring association of the Trust Agreement when it had only one remaining member and to recognize in its place GDTCA. To that end, the Trustees adopted the Fifth Amendment to the Trust Agreement, which altered the definition of Association, thereby replacing DTCA with GDTCA as a sponsoring association.

The district court held that DTCA had standing to challenge the Trustees' action and that by amending the Trust Agreement, the Trustees violated its terms and, because they acted as fiduciaries, breached their fiduciary duties.

## DISCUSSION

### I. STANDING

On brief, defendants contend that DTCA lacks standing. Under 29 U.S.C. §§ 1132(a)(2) and (3), a person may bring an action if that person is a "participant,

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

beneficiary or fiduciary" of an ERISA plan. As a plan sponsor, DTCA did not act as a fiduciary as long as the functions it performed were limited to settlor-type functions, such as establishing the plan and designing its benefits. *Coyne & Delany Co. v. Selman,* 98 F.3d 1457, 1465 (4th Cir.1996). A plan sponsor acts as a fiduciary only if it exercises discretionary authority over the management and administration of the plan. *Id.* Because DTCA's power was limited to appointing, monitoring, and removing a single Trustee, it lacked authority over the management and administration of the plan and was not a fiduciary.

However, we need not decide DTCA's standing inasmuch as the Trustees, at oral argument, conceded that plaintiff Mularoni, as a plan beneficiary, had standing to bring this action.

## II. WHETHER THE TRUSTEES, BY AMENDING THE TRUST AGREEMENT, VIOLATED ITS TERMS

The Fifth Amendment to the Trust Agreement changed the definition of Association by deleting DTCA and replacing it with GDTCA, thereby removing DTCA from the Board of Trustees. The district court held that "the Amendment contravened the express provisions of the Trust Agreement regarding the removal and appointment of trustees." Similarly, defendants advance the conclusory assertion that the "action was contrary to the words of the Settlors of the Trust."

█ As the district court correctly observed, "the Trust Agreement confers upon the trustees broad power to amend the Trust." Section 11.2 provides that the "Agreement may be amended to any ex-

tent at any time, and/or from time to time by the majority of all the Trustees." Section 11.1 provides that the "power of amendment ... be exercised in order to carry out the provisions of this Trust to further effectuate its purposes." The district court reasoned that by replacing DTCA by amendment of the Trust Agreement, the Trustees violated the express provisions of the Trust Agreement dealing with election, resignation, and removal of Trustees.[1] Nothing in those provisions, however, qualifies the Trustees' broad powers of amendment or limits their authority to alter the definition of the term Association in Section 1.3. Indeed, Section 7.2 provides that the Trustees

[S]hall have full discretion to make determinations and findings concerning:

. . .

(d) Interpretation of the Plan. Trust or any other document relevant to the administration of the Fund;

(e) Matters of policy and interpretation not expressly covered by the terms and conditions of this Trust, in a reasonable, consistent manner;

(f) All other matters which the Trustees, in their discretion, may deem necessary or proper to effectuate the administration of the Plan.

We think that the provisions for resignation, removal, and appointment of successor Trustees in no way circumscribe the Trustees' broad power to amend the Trust Agreement to recognize as a sponsor a broadly representative employers association in place of one representing only a single employer.

---

1. Section 8.4 provides for resignation of a Trustee; Section 8.5. provides for removal of an employer Trustee by resolution of the employers; Section 8.6 provides for appointment of a successor Trustee.

## III. WHETHER THE TRUSTEES BREACHED THEIR FIDUCIARY DUTIES

The district court held that in amending the Trust Agreement, the Trustees affected the management and administration of the Trust by altering the composition of the Trustees responsible for managing the trust assets. Because, as the court had previously found, their action violated the Trust Agreement, this constituted a fiduciary breach in violation of § 1104.

■ Our finding that the amendment did not violate the Trust Agreement eliminates an essential premise of the court's finding of a fiduciary breach. Moreover, in amending the Trust Agreement, the Trustees were not acting as fiduciaries. "[E]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *Lockheed Corp. v. Spink,* 517 U.S. 882, 890, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996) (quoting *Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995)). "When employers undertake those actions, they do not act as fiduciaries ... but are analogous to the settlors of a trust." *Id.*

> In general, an employer's decision to amend a pension plan concerns the composition or design of the plan itself and does not implicate the employer's fiduciary duties which consist of such actions as the administration of the plan's assets.

*Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 444, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999). Because the adoption of the Fifth Amendment, in revising the definition of the Association sponsoring the plan, concerned only the composition and design of the plan, it did not implicate the Trustees' fiduciary duties.

## CONCLUSION

For the reasons stated, we REVERSE the judgment for plaintiffs. Having concluded that plaintiffs' complaint does not state a claim entitling them to relief under ERISA, we REMAND to the district court with directions to DISMISS the action.